STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-310
FAF -YOR- 6/8/2001

GILBERT A. JOHANSON, SR., et al.,

Plaintiffs

v.

ORDER
AND
DECISION

THOMAS C. DUNNINGTON, JR.,

Defendant

The Johansons have brought suit against their former attorney resulting from his representation of them at the time of the sale of their then real estate in Eliot. The deed from the Johansons in October of 1990 to the purchasers of their property failed to disclose an easement that the Johansons had granted in 1979 to another party. A clarifying deed of March 24, 1991 failed to correct the problem of the unmentioned easement. The purchasers later found out that the easement existed and in 1997 sued the Johansons for breach of the warranty deed. That suit was eventually settled in December of 1999 at a significant cost to the Johansons. In the current case the Johansons have sued Attorney Dunnington, a New Hampshire lawyer for breach of contract, negligence, contribution and for negligent infliction of severe emotional distress in a complaint filed on November 15, 2000 and served on November 20, 2000. The defendant has filed a motion to dismiss.

The defendant has first argued that the claims for breach of contract, negligence and negligent infliction of severe emotional distress are untimely as

those claims arose either by October 10, 1990 or no later than the March 1991 clarifying deed. The first issue to be resolved on this statute of limitations defense is whether the New Hampshire or Maine statute of limitations applies. The defendant is a resident of New Hampshire and prepared various documents there related to this case. The plaintiffs were residents of Maine and the property is located in Maine. Regardless of what substantive law might be applied the Maine Law Court has stated, "Under traditional choice of law rules, the forum state generally applies its own statute of limitations to a cause of action, even though it may apply the substantive law of another state." *Ouellette v. Sturm, Ruger & Co., Inc.,* 466 A.2d 478, 482 (Me. 1983). The exceptions to that principle noted in *Hossler v. Barry,* 403 A.2d 762, 5 (Me. 1979) do not apply. Therefore, as Maine is the forum for this litigation, Maine's statute of limitations applies.

The standard statute of limitations in Maine for most civil cases is six years from the accrual date of the cause of action. See 14 M.R.S.A. §752. Absent a more specific statute this suit would be untimely as to everything but the contribution claim. The next question is whether a more specific statute, 14 M.R.S.A. §753-A, applies. That section reads as follows: "In actions alleging professional negligence or breach of contract, for legal service, by a licensed attorney, the statute of limitations shall start to run from the date of the act or omission giving rise to the injury and not from the discovery of the malpractice, negligence or breach of contract, except: A. In an action alleging professional negligence in the rendering of a real estate title opinion; . . ." Here, while Mr. Dunnington prepared or reviewed various documents he did not render a real estate title opinion. To the extent that one was

2

rendered it was the purchaser's attorney who did so. It was the purchaser's attorney who did the title search.

An additional count for contribution has also been brought seeking to have the defendant reimburse the plaintiffs for some or all of the money paid by them to settle the case with the purchaser of their property. This claim fails because the plaintiffs and the defendant were not joint tortfeasors as to the purchaser of the Johansons' property. See *Thermos Co. v. Spence*, 1999 ME 129, ¶13, 735 A.2d 484,7 and *Packard v. Whitten*, 274 A.2d 169, 174 (Me. 1971). The case cited by the plaintiffs, *Otis Elevator Co. v. F. W. Cunningham & Sons*, 454 A.2d 335, 40 (Me. 1983) while not necessarily requiring "common liability" does still require joint tort-feasors. Attorney Dunnington represented the Johansons and owed no duty to the purchasers of their property. He is not a joint tort-feasor and a claim for contribution cannot be brought against him. As the Law Court stated in the *Spence* case, at ¶13, p. 487, ". . . a contribution action has at its core the determination of liability for the original injury. A defendant in a contribution action cannot be required to contribute to damages owed by another tortfeasor unless the contribution defendant has been found to have been a cause of the damages to the original injured party through the contribution defendant's own negligence."

The entry is:

> Defendant's motion to dismiss is granted. Judgment for the defendant on the complaint.

Dated:  June 8, 2001

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
DANIEL R WARREN ESQ
JONES & WARREN
43 US ROUTE ONE
SCARBOROUGH ME  04074

DEFENDANT:
JONATHAN S PIPER ESQ
POBOX 9546
PORTLAND ME  04112-9546

3